Donald M. TANNER, Betsy Wheeler, and Susan Roberts, Appellees,

v.

LLOYD CORPORATION, LTD., Appellant.

No. 25605.

United States Court of Appeals, Ninth Circuit.

July 7, 1971.

George Black, Jr. (argued), Robert J. Miller, of Black, Kendall, Tremaine, Boothe & Higgins, Portland, Or., for appellant.

Carl R. Neil (argued), Portland, Or., for appellees.

**546**

Before ELY and KILKENNY, Circuit Judges, and LINDBERG, District Judge.*

PER CURIAM:

The appellant and its lessees operate a huge private shopping facility, embracing about fifty acres in the City of Portland, Oregon. The District Court enjoined the appellant from interfering with the appellees' exercise, on the facility premises, of certain peaceful activities which the court found were protected under the guarantees of the First Amendment. The court's legal conclusion followed from its factual determination that the appellant's facility was, in scope, "the functional equivalent of a public business district." Tanner v. Lloyd Corp., Ltd., 308 F.Supp. 128, 130 (D.Ore.1970); *cf.* Wolin v. Port of New York Authority, 392 F.2d 83 (2d Cir.), cert. denied, 393 U.S. 940, 89 S.Ct. 290, 21 L.Ed.2d 275 (1968). *See also* Amalgamated Food Employees Union Local 590 v. Logan Valley Plaza, Inc., 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603 (1968); Marsh v. Alabama, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265 (1946). Since such a factual determination, in relation to a particular case, must necessarily rest upon a consideration of all of the demonstrated circumstances of that case, we have concluded that we are powerless to hold that the critical factual determination which is here involved was clearly erroneous. Accordingly, the judgment is affirmed upon the basis of the District Court's Findings of Fact and the reasoning logically followed therefrom, set forth in the court's Opinion reported at 308 F.Supp. 128 (D.Ore.1970). *See also* Diamond v. Bland, 3 Cal.3d 653, 477 P.2d 733, 91 Cal.Rptr. 501 (1970), cert. denied sub nom. Homart Dev. Co. v. Diamond, 402 U.S. 988, 91 S.Ct. 1661, 29 L.Ed.2d 153 (1971).

Affirmed.[1]

---

* Hon. William J. Lindberg, United States District Judge, District of Washington, sitting by designation.

1. Our opinion is not, of course, an extension of the holdings of the Supreme Court in *Amalgamated Food* and *Marsh*. The extent to which the appellant's facility had been opened to public use is reflected in the District Court's factual determinations. It was found, *inter alia*, that

> "The Mall is open to the general public. In addition, the Corporation invites groups to conduct activities there, if those activities will promote 'customer motivation.' It has invited schools to hold football rallies, service organizations to hold Veterans Day ceremonies, and presidential candidates to give speeches during election years.
>
> "The Corporation also permits groups which it believes to be worthy to use the Mall even though they do not add to 'customer motivation.' It permits the American Legion to sell 'buddy' poppies at least once each year, and every year before Christmas, it permits bellringers for the Salvation Army and Volunteers of America to set up kettles and solicit contributions.
>
> "The Corporation prohibits other groups from using the Center for their own purposes. It denied the March of Dimes and Hadassah, a national Zionist women's service organization, the opportunity to solicit contributions and denied Governor Tom McCall the opportunity to make a political speech. As part of this policy, the Corporation prohibits the distribution of handbills within the Mall."

308 F.Supp. at 129–130.