**Donald M. TANNER et al., Plaintiffs-Appellees,**

v.

**LLOYD CORPORATION, Ltd., Defendant-Appellant.**

**No. 25605.**

United States Court of Appeals, Ninth Circuit.

Aug. 8, 1972.

George Black, Jr., Robert J. Miller, of Black, Kendall, Tremaine, Boothe & Higgins, Portland, Or., for defendant-appellant.

Carl R. Neil, ACLU, Portland, Or., Lonergan, Jordan & Gresham, San Bernardino, Cal., for plaintiffs-appellees.

Lederer, Fox & Grove and Lawrence M. Cohen, Chicago, Ill., amici curiae.

Before ELY and KILKENNY, Circuit Judges, and LINDBERG, District Judge.[*]

ORDER

The District Court's opinion in the subject cause is reported at 308 F.Supp. 128 (D.Ore.1970). We affirmed the District Court's judgment in an opinion reported at 446 F.2d 545 (9th Cir. 1971). The Supreme Court of the United States has now reversed the District Court's judgment and our affirming judgment and remanded the case to our court "with directions to vacate the injunction."

Lloyd Corp., Ltd. v. Tanner et al., 407 U.S. 551, 92 S.Ct. 2219, 33 L.Ed.2d 131 (1972).

The Supreme Court's mandate has now issued, and, pursuant to that mandate, the injunctive Order of the District Court is vacated.

So ordered.

■

**Tommy English BRYANT, Petitioner-Appellant,**

v.

**STATE OF TEXAS, Respondent-Appellee.**

**No. 72–1665**

**Summary Calendar.[†]**

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1972.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Affirmed.[1] See Local Rule 21.[2]

---

[*] Honorable William J. Lindberg, United States District Judge, District of Washington, sitting by designation.

[†] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

[1] In his petition for writ of habeas corpus appellant asserted the following grounds: (1) alleged failure of the state to appoint counsel, and lack of counsel, in criminal causes numbered 5514, 5515, 5516, 5517, and 5518, all entitled State of Texas v. Tommy English Bryant; (2) insufficiency of the evidence to support the district court's finding that appellant was represented by counsel in any of the cases; (3) insufficiency of the evidence to support the district court's finding of a waiver of the right to counsel in any of the cases; (4) any waiver was in reliance upon a plea bargain which was not consummated as agreed, thus denying appellant due process under the 6th and 14th Amendments.

[2] See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).